IN THE UNITED STATES DISTRICT COURT
FOR THE  NORTHERN  DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
PLAINTIFF,

3:20-CV-143

v.

CASE: 3:04CR59-002

THOMAS ORR
DEFENDANT.

FILED
AUG 10 2020
U.S. DISTRICT COURT
ELKINS WV 26241

MOTION FOR COMPASSIONATE RELEASE
AND APPOINTMENT OF COUNSEL DUE TO EXTRAORDINARY
AND COMPELLING CIRCUMSTANCES DUE TO COVID-19 PANDEMIC
PURSUANT TO 18 U.S.C. §3582(c)(1)(A)(i) AND
AMENDMENT 603 OF THE FIRST STEP ACT (2018)

Defendant, Thomas Orr , proceeding pro se, humbly asks this Court to consider Compassionate Release for Defendant under the provisions of 18 USC §3582(c)(1)(A)(i) and Amendment 603 of The First Step Act (2018). Consideration is warranted in light of the current global Covid-19 pandemic and the impact it is having on the Federal Bureau of Prisons (FBOP). Defendant also seeks the appointment of counsel to supplement this petition and bring forth the arguments before this Court. Defendant's increased vulnerability to the effects of the Covid-19 virus and his underlying conditions may result in Catastrophic Health Consquences which warrant the grant of this motion. Defendant submits the following for the Court's consideration:

ARGUMENT

1. Defendant is currently incarcerated at FCI Sandstone, where there is currently inmates who have tested positive for the Covid-19 virus. See **BOP.gov.**

2. In the FBOP the infection rates continue to rise with 1 out of every 3 prisoners who are tested, testing positive.

3. Over 700 FBOP staff members have tested positive for the virus, and unfortunately due to the BOP's inability to contain the virus over 94 inmates have died from COVID-19. Including now the warden of FCI Sandstone.

4. Defendant as an incarcerated individual combined with his underlying health

- 1 -

conditions make him especially vulnerable to catastrophic health consequences should he contract the virus. See **United States v. Muniz**, Case 4:09-cr-199, Dkt. No. 578 (S.D. Tex. March 30, 2020)(releasing defendant serving 188-Month sentence for drug conspiracy in light of vulnerability to Covid-19: "While the Court is aware of the measures taken by the Federal Bureau of Prisons, news reports of the virus's spread in detention centers within the United States and beyond our borders in China and Iran demonstrate that individuals housed within our prison systems nonetheless remain particularly vulnerable to infection.")

5. Defendant has the following underlying health conditions: _Irregular Heart Conditions, BMI over 30, Heavy Smoker and other ailments. Heart issues documented in BoP medical records._

6. These underlying risk factors according to the CDC, WHO, and AMA all pose significant health risks to individuals who contract the COVID-19 virus.

7. The impact of COVID-19 along with Defendant's health conditions present the scenario contemplated by Congress when enacted Amendment 603 of The First Step Act (2018) which amended 18 USC §3582(c)(1)(A)(i) to account for "extraordinary and compelling circumstances" as a ground for Compassionate Release.

8. Courts across the nation have held COVID-19 and the risks it poses to criminal defendants in prison as a grounds for release. See **United States v. Stephens**, 2020 WL 1295155, ___ F. Supp. 3d ___ (S.D.N.Y. March 19, 2020)(releasing defendant in light of unprecedented and extraordinary dangerous nature of the COVID019 pandemic). See also **United States v. Rodriguez**, No. 2:03-cr-271-AB, Dkt. No. 135 (E.D. Pa. April 1, 2020)(granting release after finding risk factors for COVID-19 constitute extraordinary and compelling reason and noting that prisons are "tinderboxes for infectious disease").

9. Defendant has also pursuant to 18 USC §3582(c)(1)(A) has **exhausted** his **administrative remedies** by requesting from the Warden consideration of Compassionate Release on _7-6-20_ which was then denied on _7-24-20_

thus satisfying the requirement for administrative exhaustion. See **Administrative Exhaustion Exhibit.**

10. Defendant also seeks the **Appointment of Counsel** to assist him with supplementing this instant petition with his BOP Medical Records, Inmate Central File, Disciplinary History, Medical Impact, PATTERN Score, and any other documentation that may aid this Court in rendering a ruling on the matter.

11. Other Circuits across the nation have issued standing orders that Counsel be appointed to Defendants petitioning for 18 USC §3582(c)(1)(A)(i) Compassionate Release who have medical conditions, and this is one such case.

12. Defendant is a layman at law and the appointment of Counsel would prevent an injustice and also aid this Court in evaluating the matter.

13. In light of the current Covid019 infections at Defendant's facility and the growing nature of the Covid-19 crisis, Defendant seeks relief.

## CONCLUSION

Wherefore, Defendant asks that this Court **GRANT** his motion for Compassionate Release pursuant to **18 USC §3582(c)(1)(A)(i)** for 'extraordinary and compelling circumstances' due to the **COVID-19 Pandemic**, and **APPOINT COUNSEL** to assist him in supplementing this instant petition.

Dated: 8-4-20

Respectfully submitted,

*[signature]*
Thomas ORR
#14867-087
FCI Sandstone
PO BOX 1000
Sandstone, MN 55072

## CERTIFICATE OF SERVICE

Defendant, attests that he placed a copy of the aforementioned motion in the FCI Sadsntone prison mailbox on 8-4-20 with proper postage affixed addressed to the Clerk of the Court with electronic service requested to all interested parties.

*[signature]*
Thomas Orr 14867-087
FCI Sandstone
PO Box 1000
Sandstone, MN 55072